**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **NEW JERSEY BUILDING LABORERS'**<br>**STATEWIDE PENSION FUND AND**<br>**TRUSTEES THEREOF,**<br><br><br>**Plaintiff,**<br><br><br>**v.**<br><br><br>**U.S.E.U.S.,** *also known as* **U.S.**<br>**ENVIRONMENTAL UNIVERSITY,**<br><br><br>**Defendant.** | Civ. No. 13-7449 (KM)(SCM)<br><br>**OPINION** |

The U.S. Environmental University entered into a collective bargaining agreement with the New Jersey Building Laborers District Council. As part of that agreement, the University was to make contributions to the Council's pension fund, plaintiff New Jersey Building Laborers' Statewide Pension Fund. The Pension Fund alleges that the University has failed to make those contributions. Having filed suit in this Court and received no response from the defendant, the Fund has now moved for a default judgment. The motion will be granted.

**<u>Background</u>**

Defendant U.S. Environmental University (the "University") entered into a collective bargaining agreement ("CBA") with the New Jersey Building Laborers District Council.[1] The CBA required the University to contribute to the

---

[1] Citations to the record will be abbreviated as follows:

1

employees' pension fund, The New Jersey Building Laborers Statewide Pension Fund (the "Pension Fund") for fringe benefits. (Castrovinci Affidavit, ¶ 3). As of April 30, 2012, Environmental University withdrew its recognition of the Council as the bargaining representative for University employees. (*Id.* at ¶ 4). It therefore ceased making contributions to the Pension Fund.

The Pension Fund alleges that at the time the University withdrew, there were benefits that had vested, but that the University had not yet funded. That is, the University had committed to making certain contributions to the pension fund, but had not actually made its payments. (Castrovinci Affidavit, ¶ 5). This is referred to as "withdrawal liability." 29 U.S.C. § 1391(a). *See also IUE Multi-Employer Pension Fund v. M & C Vending, Inc.,* No. 2:11-cv-04335, 2013 WL 2007298, at *1 (D.N.J. May 13, 2013) (defining withdrawal liability as "benefits that the employer has already promised to the beneficiaries but has not yet paid into the fund").

Federal law requires that when an employer "withdraws" from participating in a pension plan, as the University allegedly did here, the plan shall determine the employer's withdrawal liability, then notify the employer and collect payment. 29 U.S.C. § 1382; 29 U.S.C. § 1399(b)(1)(A).

Here, the Fund, with the assistance of an actuary, calculated the University's withdrawal liability to be $22,517.00. (Segal Letter, 1). The Fund notified the University of its liability, and requested payment in four quarterly installments of $5,740, plus a final installment of $685. The Fund alleges that the University did not make any payments. (Castrovinci Affidavit, ¶ 11). Nor

---

"Castrovinci Affidavit" – Affidavit of Mary Castrovinci In Support of Motion for Final Judgment by Default, Dkt. Nos. 8-2, 8-3.

"Castrovinci Letter" – Letter from Mary Castrovinci to U.S.E.U.S., dated April 9, 2013. Affidavit of Mary Castrovinci, No. 8-3, Exh. G.

"CBA" – Collective Bargaining Agreement, Affidavit of Mary Castrovinci, Nos. 8-2, 8-3, Exh. A.

"Segal Letter" – Letter from Segal to Mary Castrovinci, Affidavit of Mary Castrovinci, No. 8-3, Exh. F.

has the University requested to refer the matter to arbitration, as it is allowed to do under 29 U.S.C. § 1401(a)(1). *Id.*

The Fund filed suit in this Court to collect the withdrawal liability from the University. The Fund filed its complaint in this Court on December 11, 2013. (Dkt. No. 1). The University made no response. On July 2, 2014, the Clerk entered a default against the University pursuant to Fed. R. Civ. P. 55. (Dkt. No. 7). As the University has made no appearance or otherwise defended the suit, the Fund has now moved for a default judgment (Dkt. No. 8). In addition to the unfunded contributions, the Fund requests interest, costs, attorneys' fees, and liquidated damages.

The Fund brings suit under a federal statute, 29 U.S.C. § 1401(b)(1). This Court therefore has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331.

## Discussion

### Motion for default judgment

The Fund has made its request for these damages in a motion for a default judgment, so I do not have the University's side of the story. This presents obvious challenges. Applying established law, however, I find that a default judgment is appropriate.

I have examined the complaint, and I find that it sets forth a valid claim for withdrawal liability under ERISA § 4201(a), 29 U.S.C. § 1381(a). The Complaint alleges that the parties were subject to a CBA that required contributions to the Pension Fund. (Complaint ¶¶ 7-9) The University contributed to the Pension Fund until April 30, 2012, but then completely withdrew. (*Id.* ¶¶ 9-12, 20-21) The Pension Fund duly demanded payment of the Pension Fund's withdrawal liability and set forth a schedule of payments. (*Id.* ¶¶ 13-14, 23) The University did not pay the installments and is in default, and it has not demanded arbitration. (*Id.* ¶¶ 15-17, 24) The liability is alleged to be $22,517, and the complaint demands the other and additional forms of

3

relief authorized by the statute. (*Id.* ¶ 25, Prayer for Relief) Facially, this meets the statutory requirements, as set forth in more detail below.

In deciding whether to grant a default judgment, courts consider three factors: 1) whether the plaintiff has been substantially prejudiced by the delay involved; 2) whether the default was caused by excusable or inexcusable neglect on the part of the defendant; and 3) whether the defendant has a defense to the action. *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014) (non-precedential, citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Here, all three factors favor entry of a default judgment.

First, the Fund has indeed been prejudiced by the University's failure to answer. It has incurred additional costs, been unable to make any progress in its case, and has suffered additional costs.

Second, I must consider whether default was caused by excusable or inexcusable neglect on the part of the University. The summons here was returned executed. (*See* Dkt. No. 5). Thus, I must presume that the University is aware of the action. In addition, it had the opportunity to avoid or reduce its liability by initiating arbitration proceedings in 2013. The University's delay in payment, therefore, is not excusable.

Third, the defendant likely has no defense to this action, for reasons explored in the following sections. The terms of the contract are clear. Because the defendant did not initiate arbitration proceedings, it has waived its right to contest the amount of its unfunded contribution. Therefore, the only issues left for it to contest are interest, attorneys' fees, and costs. The interest calculation is specified by statute, and the attorneys' fees and costs are reasonable. Therefore, I find that the defendant likely has no defense to the action.

A default judgment is appropriate. I now consider the forms of relief available, and the plaintiff Pension Fund's presentation as to the amount of its damages.

**Governing law**

Federal law prescribes various procedures for determining and collecting an employer's withdrawal liability. First, the pension fund calculates the

4

employer's withdrawal liability, demands payment from the employer, and provides a proposed schedule of payments. 29 U.S.C. § 1382(2), (3); 1399(b)(1). Once notified, the employer has 90 days to request clarification or point to any inaccuracies in that calculation. 29 U.S.C. § 1399(b)(2)(A). If the employer makes no such response, the employer has 60 days from the date it was originally notified of its liability to initiate arbitration proceedings to contest the amount of the withdrawal liability. 29 U.S.C. § 1401(a)(1). If the employer does not demand arbitration within that 60 day period, the liability amount determined by the plan sponsor becomes due on the schedule set forth by the plan sponsor. 29 U.S.C. § 1401(b)(1). In other words, by failing to demand arbitration the employer waives its right to dispute aspects of the Fund's liability determination. *Bd. of Trustees of Trucking Employees of N. Jersey Welfare Fund, Inc.-Pension Fund v. Kero Leasing Corp.*, 377 F.3d 288, 294-95 n. 5 (3d Cir. 2004). If the employer still does not pay the withdrawal liability, the plan may bring a claim in federal court to collect the amount due. 29 U.S.C. § 1401(b)(1).

If the plan prevails in district court, the unpaid contributions are treated as delinquent. 29 U.S.C. § 1451(b). That subjects the employer to the rules governing civil enforcement proceedings in ERISA cases generally. *Id.* Those provisions require the court to award the prevailing party the unpaid contributions, interest, liquidated damages, and reasonable attorney's fees and costs:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

5

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

## Application to this case

Here, the Pension Fund calculated the University's withdrawal liability to be $ 22,517.00. (Segal Letter, 1; Castrovinci Affidavit, ¶¶ 6-7). *See generally* 29 U.S.C. § 1391 (method of calculating withdrawal liability). According to the Fund, the University neither requested clarification of this figure, nor initiated arbitration proceedings. (Castrovinci Affidavit, ¶ 11). The University has therefore waived its right to contest the Pension Fund's calculation of the unfunded contributions. *See* 29 U.S.C. § 1401(b)(1). The first payment became due according to the Fund's schedule on June 10, 2013, *i.e.,* 60 days after the initial notification of liability was sent to the University. (Castrovinci Letter, 1).

Under 29 U.S.C. § 1132(g)(2), the prevailing party in an action to recover unfunded contributions is entitled to the unpaid contributions themselves, plus interest, liquidated damages, and reasonable attorneys' fees and costs. I calculate the amount due to the Fund to be as follows:

- Unpaid contributions of $22,517.00. (Segal Letter, 1).

- (B) Interest of $5,893.20:

    - Interest is charged at the rate specified in the collective bargaining agreement. 29 U.S.C. § 1132(g)(2) ("interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.). The collective bargaining agreement between the University

6

and the Council specified an interest rate of 18% per annum. (CBA, 56).

- The starting date of the interest calculation is the date on which each payment was due, as specified in the Fund's notification of liability to the University. 29 U.S.C. § 1399(c)(3) ("Each annual payment determined [for withdrawal liability] shall be payable in 4 equal installments due quarterly, or at other intervals specified by plan rules. If a payment is not made when due, interest on the payment shall accrue from the due date until the date on which the payment is made.").

- Because the collective bargaining agreement does not specify otherwise, I have assumed that interest compounds annually.

- The Fund informed the University that its liability should be paid in quarterly installments of $5,470.00, beginning on June 10, 2013, with a final payment of $685 due on June 10, 2014. (Castrovinci Affidavit, Exh. G, 2). Thus, each time the University did not pay an installment, interest began to run for that installment. The interest runs through the date of this decision, March 25, 2015. The chart below summarizes the interest calculation.[2]

––––––––––––––––––––––––––

[2] Interest is calculated using the formula $P \times (1+i)^{(n/365)} - P$ where:

$P$ = the original payment due

$i$ = the interest rate, here 18%

^ signifies an exponent

$n$ = the number of days between the premium due date and the date of this decision

| Payment due date | Amount due | No. of days btw due date and date of decision | Interest * |
|---|---|---|---|
| 6/10/2013 | $ 5,470.00 | 653 | $ 1,885.08 |
| 9/10/2013 | 5,470.00 | 561 | 1,584.54 |
| 12/10/2013 | 5,470.00 | 470 | 1,299.36 |
| 3/10/2014 | 5,470.00 | 380 | 1,028.65 |
| 6/10/2014 | 685.00 | 288 | 95.56 |
| Total | | | $ 5,893.20 |

- The statute provides that a court shall additionally order the defendant to pay the greater of either (i) interest on the unpaid contribution, determined using the rate provided for in the plan; or (ii) liquidated damages at a rate provided for in the plan of up to 20% of the unfunded contributions. 29 U.S.C. § 1132(g)(2)(C). Here, 20% of the unfunded contributions would be $4,503.40 (0.2 x 22,517). Interest on the unfunded contributions is $5,893 (see above). Therefore, I shall elect to award interest on the unfunded contributions of $5,893.

- The statute requires me to award costs and attorneys' fees. 29 U.S.C. § 1132(g)(2)(D). The Fund has attested that its attorneys' fees are $686 (8-5, ¶ 5), and its costs are $400 (8-5, ¶ 6). I find these figures to be reasonable, and therefore will award costs and attorneys' fees totaling $1,086.00.

Therefore, the Fund is entitled to a total award of $35,389.40 ($22,517 + 5,983 + 5,983 + 1,086).

## <u>Conclusion</u>

For the foregoing reasons, plaintiff's motion for entry of a default judgment is **GRANTED**. The Court will enter **JUDGMENT** in the amount of $35,389.40.

Dated: March 25, 2015
Newark, New Jersey

_____
**KEVIN McNULTY**
**United States District Judge**

9